The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON (SEATTLE)

| | |
|---|---|
| **HOUSTON CASUALTY COMPANY**, a Texas corporation,<br>    Plaintiff / Counter-Defendant,<br><br>v.<br><br>**CASAL ENTERPRISES, INC.**, a Washington corporation,<br>    Defendant / Counter-Plaintiff. | No. 2:25-cv-00427-RAJ<br><br>**DEFENDANT'S MOTION TO CERTIFY STATE LAW QUESTIONS TO THE SUPREME COURT OF WASHINGTON**<br><br>*Noting Date: Dec. 5, 2025* |

## I.   INTRODUCTION AND RELIEF REQUESTED

This action arose when Plaintiff / Counter-claim Defendant Houston Casualty Company ("HCC") filed a declaratory action asserting that it had no duty to indemnify or defend Defendant and Counterclaim-Plaintiff Casal Enterprises ("Casal") against allegations in an underlying class action lawsuit. Despite discrimination being explicitly covered in Casal's Policy with HCC (the "Policy"), HCC has taken the position that Casal's alleged violations of RCW 49.58.110, Washington's wage transparency statute, which is part of the Equal Pay and Opportunities Act ("EPOA"), do not constitute the kind of discrimination covered by the Policy's promises of an insurer's duties to indemnify or defend an insured in Washington.

DEFENDANT'S MOTION TO CERTIFY - Pg. 1 of 11

DUNLAP BENNETT & LUDWIG PLLC
627 – 5ᵀᴴ ST., STE 203,
MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (206) 504-2081
DUBS@DBLLAWYERS.COM
WWW.DBLLAWYERS.COM

Because the arguments relied upon by HCC against Casal raise novel issues that have not been decided in Washington, and because multiple parties have brought similar requests against other parties under the same underlying laws,[1] Casal respectfully requests that the Court grant Casal's Motion to certify the following questions to the Supreme Court of Washington: (1) does the violation of RCW 49.58.110 qualify as "discrimination" under the subject employment practices liability insurance policy or policies in Washington; (2) are the statutory damages provided for in RCW 49.58.070 and authorized by RCW 49.58.110(5)(a) covered "loss" under the subject employment practices liability insurance policy or policies; and (3) is RCW 49.58.110 a "wage and hour law" under the subject employment practices liability insurance policy or policies?

## II.   STATEMENT OF FACTS

### A. The Policy

HCC issued Employment Practices Liability Policy No. H724-95068 to Casal for the period March 1, 2024 to March 1, 2025. (Dkt. No 1, ¶ 6; Dkt. No. 26, ¶ 6). Casal purchased this Policy specifically to protect itself against employment-related claims. The Policy provides coverage for "Employment Practices Wrongful Acts," which include "Discrimination." (Policy § I(A)). Critically, the Policy's definition of "Employee" expressly includes "an individual who has filed an application for employment with the Named Insured." (Policy § III(G)(2)).

---

[1] These other actions include, but are not limited to: *Feast Foods LLC v. Houston Casualty Company*, No. 2:25-cv-01322-RAJ (W.D. Wash.), and *Round One Entertainment, Inc. v. U.S. Specialty Insurance Company*, No. 2:25-cv-01693-RSM (W.D. Wash.).

DEFENDANT'S MOTION TO CERTIFY - Pg. 2 of 11

DUNLAP BENNETT & LUDWIG PLLC
627 – 5ᵀᴴ St., Ste 203,
MUKILTEO, WA 98275
Phone: (425) 903-3505
Fax: (206) 504-2081
DUBS@DBLLAWYERS.COM
WWW.DBLLAWYERS.COM

B. **<u>The Underlying Complaint Against Defendants</u>**

On September 3, 2024, Okyeremah Nyannor filed a putative class action against Casal alleging discrimination and violations of RCW 49.58.110. (*See* Dkt. No. 1-2 at 1–3 ("Class Action Complaint for Discrimination")). The Complaint alleges that Casal failed to disclose wage scales or salary ranges in job postings for positions in Washington State, which has a disproportionate impact on women and other protected members. (*See* Dkt. No. 1-2, ¶¶ 3–11). Specifically, the underlying plaintiff claims that it experienced harm "as a direct result of Defendant [Casal]'s discriminatory hiring practices, its violation of RCW 49.58.110, and its contribution to wage inequality as a result of its refusal to post a wage scale or salary range in the job postings it publishes." (Dkt. No. 1-2, ¶¶ 35–36). The underlying plaintiff also claims that:

- Plaintiff and the class "are victims of Defendant's discriminatory hiring practices" (Dkt. No. 1-2, ¶ 36);

- Casal "continues to employ discriminatory hiring practices" (*id*. ¶ 24);

- The failure to disclose salary ranges "exacerbates existing wage discrimination" (*id*. ¶ 32);

- This practice has a "disparate impact on women and other protected classes" (*id*. ¶¶ 3-11); and

- Casal's practice constitutes "contribution to wage inequality" (*id*. ¶ 35).

Casal timely tendered the underlying claim to HCC. (*See* Dkt. No. 1, ¶ 17). HCC agreed to provide Defense Costs subject to a reservation of rights, but denied any duty to indemnify. (*Id*.; Dkt. No. 26, ¶ 17).

DEFENDANT'S MOTION TO CERTIFY - Pg. 3 of 11

DUNLAP BENNETT & LUDWIG PLLC
627 – 5ᵀᴴ Sᴛ., Sᴛᴇ 203,
Mᴜᴋɪʟᴛᴇᴏ, WA 98275
Pʜᴏɴᴇ: (425) 903-3505
Fᴀx: (206) 504-2081
ᴅᴜʙs@ᴅʙʟʟᴀᴡʏᴇʀs.ᴄᴏᴍ
ᴡᴡᴡ.ᴅʙʟʟᴀᴡʏᴇʀs.ᴄᴏᴍ

C. **Background of the Instant Motion**

HCC's Complaint seeks declarations that: (1) it owes no duty to defend or indemnify because the underlying action's allegations of violation of RCW 49.58.110 do not constitute discrimination, harassment, retaliation, or inappropriate workplace conduct, see Dkt. No. 1 ¶ 24 (Count I); (2) the statutory damages are not a covered "Loss" because damages under RCW 49.58.070 are "effectively liquidated damages" see Dkt. No. 1 ¶ 30 (Count II); and (3) RCW 49.58.110 is a wage and hour law, see Dkt. No. 1 ¶ 41 (Count III).

RCW 49.58.110 became effective on January 1, 2023. Laws of 2022, ch. 242, § 5761. Although subsequently updated, RCW 49.58.110 stated at the time of filing:

> (1) The employer must disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered to the hired applicant. For the purposes of this section, "posting" means any solicitation intended to recruit job applicants for a specific available position, including recruitment done directly by an employer or indirectly through a third party, and includes any postings done electronically, or with a printed hard copy, that includes qualifications for desired applicants.
>
> (2) Upon request of an employee offered an internal transfer to a new position or promotion, the employer must provide the wage scale or salary range for the employee's new position.
>
> . . . .
>
> (4) A job applicant or an employee is entitled to the remedies in RCW 49.58.060 and 49.58.070 for violations of this section. Recovery of any wages and interest must be calculated from the first date wages were owed to the employee.

RCW 49.58.110 (2024). The policyholders in *Round One Entertainment* and *Feast Foods* have filed, or will be filing, motions to certify the same or substantially similar legal issues to the Washington Supreme Court. Decl. of Dubs Herschlip, ¶8.

DEFENDANT'S MOTION TO CERTIFY - Pg. 4 of 11

DUNLAP BENNETT & LUDWIG PLLC
627 – 5TH ST., STE 203,
MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (206) 504-2081
DUBS@DBLLAWYERS.COM
WWW.DBLLAWYERS.COM

### III.   STATEMENT OF ISSUES

1. Whether the Court should certify to the Washington Supreme Court the following three issues:

   a. Whether violations of RCW 49.58.110, part of Washington's Equal Pay and Opportunities Act, enacted to combat pay-based discrimination, constitute "Discrimination" within the meaning of an employment practices liability insurance policy that defines discrimination to include adverse employment actions against members of "any other class of individuals protected by the law of the state."

   b. Whether the duty to defend under an employment practices liability insurance policy is triggered when the underlying complaint alleges "discriminatory hiring practices" under RCW 49.58.110, even if discriminatory intent is not expressly alleged, and the alleged conduct has a documented disparate impact on protected classes.

   c. Whether statutory damages under RCW 49.58.110, designed to compensate job applicants for harms caused by violations of wage transparency requirements, constitute "compensatory damages," or have a compensatory purpose, within the meaning of an insurance policy.

2. Whether the Court should consolidate this case with *Feast Foods LLC v. Houston Casualty Company*, No. 2:25-cv-01322-RAJ (W.D. Wash.), and *Round One Entertainment, Inc. v. U.S. Specialty Insurance Company*, No. 2:25-cv-01693-RSM (W.D. Wash), solely for the purpose of certifying these issues to the Washington Supreme Court.

### IV.   LEGAL STANDARD

A federal district court may invoke certification on its own motion or upon motion of a party. RCW 2.60.030(1). Whether to certify a question to the state supreme court is within the

DEFENDANT'S MOTION TO CERTIFY - Pg. 5 of 11

DUNLAP BENNETT & LUDWIG PLLC
627 – 5ᵀᴴ Sᴛ., Sᴛᴇ 203,
Mᴜᴋɪʟᴛᴇᴏ, WA 98275
Pʜᴏɴᴇ: (425) 903-3505
Fᴀx: (206) 504-2081
ᴅᴜʙs@ᴅʙʟʟᴀᴡʏᴇʀs.ᴄᴏᴍ
ᴡᴡᴡ.ᴅʙʟʟᴀᴡʏᴇʀs.ᴄᴏᴍ

sound discretion of the federal court. *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008). The Ninth Circuit has explained that it certifies questions "that we believe that the Washington Supreme Court is better qualified to answer in the first instance." *Potter v. City of Lacey*, 46 F.4th 787, 791 (9th Cir. 2022) (quoting *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist., No. 1*, 294 F.3d 1085, 1092 (9th Cir. 2002)) (alterations omitted). Although certifying a question may, in the long run, "save time, energy, and resources and help [to] build a cooperative judicial federalism," the "mere difficulty in ascertaining local law is no excuse for" certifying such questions. *Lehman Bros. v. Schein*, 416 U.S. 386, 390-391 (U.S. 1974) ("[w]e do not suggest that where there is doubt as to local law and where the certification procedure is available, resort to it is obligatory."). Nevertheless, where state law is unsettled, and the answers to the court's questions are dispositive of the issues, certification to the state supreme court is appropriate. *Amaker v. King Cnty.*, 540 F.3d 1012, 1013 (9th Cir. 2008); RCW 2.60.020.

## V. ARGUMENT

Certification is appropriate because the three questions presented are novel, dispositive issues of Washington state law that will have statewide impact. When deciding whether to certify a question under RCW 2.60.020, this Court considers three factors: (a) whether the legal issue is necessary to dispose of the case, (b) whether the legal issue is "not entirely settled," and (c) whether a "resolution will have far-reaching effects on individuals subject to Washington law." *Brown v. Old Navy, LLC*, No. 2:23-cv-00781-JHC, 2023 U.S. Dist. LEXIS 212509, at *3 (W.D. Wash. Nov. 29, 2023) (unpublished) (first quoting *Cornhusker Cas. Inc. Co. v. Kachman*, 514 F.3d 982, 988-89 (9th Cir. 2008); then citing *Queen Anne Park Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 763 F.3d 1232, 1235 (9th Cir. 2014)); *Branson v. Wash. Fine Wines & Spirits,*

DEFENDANT'S MOTION TO CERTIFY - Pg. 6 of 11

DUNLAP BENNETT & LUDWIG PLLC
627 – 5TH ST., STE 203,
MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (206) 504-2081
DUBS@DBLLAWYERS.COM
WWW.DBLLAWYERS.COM

*Ltd. Liab. Co*., No. 2:24-cv-00589-JHC, 2024 U.S. Dist. LEXIS 148958, at *3 (W.D. Wash. Aug. 20, 2024) (same).

All three factors are satisfied here.

**A.   The Questions Are Dispositive to the Case.**

The interpretation of RCW 49.58.110 and its relationship to the Policy terms will determine whether HCC has a duty to defend and indemnify Casal. HCC seeks declaratory judgment on three grounds: (1) that RCW 49.58.110 violations do not constitute "Discrimination" under the Policy, Dkt. No. 1 ¶ 24; (2) that statutory damages under RCW 49.58.070 are excluded "liquidated damages," *id*. ¶ 30; and (3) that RCW 49.58.110 is a "wage and hour law" triggering only limited defense coverage, *id*. ¶ 41. Casal has filed a motion for judgment on the pleadings on these same issues. Resolution of the certified questions will dispose of HCC's declaratory judgment claims.

First, the Policy's coverage turns on whether RCW 49.58.110 violations constitute "Discrimination." The Policy defines "Discrimination" to include "any actual or alleged adverse employment action... against an Employee because of... status as a member of any other class of individuals protected by the law of the state." (Policy § III(H)(1)) (emphasis added). The Policy defines "Employee" to include job applicants. (Policy § III(G)(2)). Under the plain language, RCW 49.58.110 violations appear to constitute covered "Discrimination" because they involve adverse actions against a class protected by Washington law—job applicants entitled to wage transparency to combat discriminatory pay practices. HCC contends "Discrimination" is limited to traditional protected classes. If HCC prevails on this interpretation, the Court would declare HCC has no duty to indemnify for discrimination. If Casal prevails, HCC must indemnify. The question is dispositive.

DEFENDANT'S MOTION TO CERTIFY - Pg. 7 of 11

DUNLAP BENNETT & LUDWIG PLLC
627 – 5ᵀᴴ ST., STE 203,
MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (206) 504-2081
DUBS@DBLLAWYERS.COM
WWW.DBLLAWYERS.COM

Second, whether statutory damages constitute covered "Loss" is dispositive of Count II. The Policy defines "Loss" to include "compensatory damages pursuant to any settlement, judgment or award." (Policy § III(K)). Washington defines "compensatory damages" as those "awarded to make good or compensate for an injury sustained." *Kalles v. State Farm Mut. Auto. Ins. Co.*, 7 Wn. App. 2d 330, 334, 433 P.3d 523 (2019). HCC argues the statutory damages are excluded "liquidated damages" or penalties. Whether damages under RCW 49.58.070 are compensatory or penalties will determine whether they constitute covered "Loss."

Third, whether RCW 49.58.110 is a "wage and hour law" affects HCC's duty to defend. Under Washington law, an insurer must defend whenever the underlying complaint, liberally construed, alleges facts that could impose liability within the policy's coverage. *Woo v. Fireman's Fund Ins. Co*., 161 Wn.2d 43, 52, 164 P.3d 454 (2007); *Am. Best Food, Inc. v. Alea London, Ltd.*, 168 Wn.2d 398, 404–05, 229 P.3d 693 (2010). If RCW 49.58.110 is a wage and hour law, it triggers only the Policy's limited Wage and Hour Defense Costs sublimit. The characterization is dispositive of Count III.

**B. <u>The Issues Requested to be Certified Are Issues of Unsettled Law.</u>**

No Washington court has addressed whether RCW 49.58.110 violations constitute "discrimination," whether its statutory damages are compensatory, or whether it qualifies as a "wage and hour law." Only one Washington case has spoken to the issues of RCW 49.58.110— in response to a request for certification by this Court on "what a plaintiff must prove to be deemed a 'job applicant.'" *Branson v. Wash. Fine Wine & Spirits*, *LLC*, 5 Wn.3d 289, 574 P.3d 1031, 1033 (2025). *Branson* did not address the questions presented here. There are only two federal decisions are published that reference RCW 49.58.110. Like *Branson*, both of those cases merely discuss

DEFENDANT'S MOTION TO CERTIFY - Pg. 8 of 11

DUNLAP BENNETT & LUDWIG PLLC
627 – 5ᵀᴴ Sᴛ., Sᴛᴇ 203,
Mᴜᴋɪʟᴛᴇᴏ, WA 98275
Pʜᴏɴᴇ: (425) 903-3505
Fᴀx: (206) 504-2081
ᴅᴜʙs@ᴅʙʟʟᴀᴡʏᴇʀs.ᴄᴏᴍ
ᴡᴡᴡ.ᴅʙʟʟᴀᴡʏᴇʀs.ᴄᴏᴍ

1  standing. *See Floyd v. Insight Glob. LLC*, 731 F. Supp. 3d 1199, 1206 (W.D. Wash. 2024); *Atkinson v. Aaron's LLC*, 733 F. Supp. 3d 1056, 1065 (W.D. Wash. 2024).

As a result, the presented issues are novel and far from being settled.

### C. The Certified Questions Have Wide-Ranging Impacts Best Resolved by the Supreme Court of Washington.

At least 40 cases referencing RCW 49.58.110 have been filed in this Court since the statute's effective date of January 1, 2023, all of which remain open.[2] In at least two—*Feast Foods LLC v. Houston Casualty Company*, No. 2:25-cv-01322-RAJ (W.D. Wash.), and *Round One Entertainment, Inc. v. U.S. Specialty Insurance Company*, No. 2:25-cv-01693-RSM (W.D. Wash.)—identical or substantially similar questions are dispositive. By statute, RCW 49.58.110 applies only to employers with fifteen or more employees, meaning each violation affects dozens of workers. RCW 49.58.110(3) (2024). The questions presented, therefore, directly affect multiple insurance companies, policyholders, and potentially thousands of Washington employees.

Beyond the number of parties affected, these questions implicate Washington's public policy of combating wage discrimination. RCW 49.58.110 is part of the EPOA, enacted to promote pay equity. Insurance coverage directly impacts employers' incentives to comply with the statute and employees' ability to obtain redress. A certified ruling will affect the enforceability and effectiveness of the EPOA statewide.

Certification also promotes judicial efficiency and comity. Rather than multiple federal courts reaching potentially inconsistent conclusions on novel Washington law, certification provides uniform statewide guidance. The Washington Supreme Court recently interpreted RCW 49.58.110 in *Branson*. *See* Herschlip Dec., ¶7. As a result, the Washington Supreme Court is

DEFENDANT'S MOTION TO CERTIFY - Pg. 9 of 11

DUNLAP BENNETT & LUDWIG PLLC
627 – 5ᵀᴴ ST., STE 203,
MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (206) 504-2081
DUBS@DBLLAWYERS.COM
WWW.DBLLAWYERS.COM

already familiar with the statute and best positioned to determine whether violations trigger discrimination coverage.

## VI. CONCLUSION

For the foregoing reasons, this Court should certify the three legal questions discussed *supra* to the Washington Supreme Court under RCW 2.60.010, and consolidate the certification with *Round One Entertainment* and *Feast Foods* for judicial efficiency.

## VII. PROPOSED ORDER

A proposed order granting the relief requested accompanies this motion.

I certify that this memorandum contains 2,331 words, in compliance with the Local Civil Rules.

DATED: This November 14, 2025

DUNLAP BENNET & LUDWIG PLLC.

_____
Dubs Herschlip, WSBA #31652
DUNLAP BENNETT & LUDWIG, PLLC
627-5th St., Ste. 203,
Mukilteo, WA 98275
dubs@dbllawyers.com
*Counsel for Defendant Casal Enterprises, Inc.*

DEFENDANT'S MOTION TO CERTIFY - Pg. 10 of 11

DUNLAP BENNETT & LUDWIG PLLC
627 – 5TH ST., STE 203,
MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (206) 504-2081
DUBS@DBLLAWYERS.COM
WWW.DBLLAWYERS.COM

# DECLARATION OF MAILING

I, William Adan, hereby certify that on November 14, 2025, I electronically filed the foregoing Motion to certify and Declaration of counsel, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the parties and I mailed and emailed copies to:

| | |
|---|---|
| Lisa C. Neal, WSBA #25686<br>WILSON SMITH COCHRAN DICKERSON<br>1000 2nd Avenue, Suite 2050<br>Seattle, WA 98104<br>(206) 623-4100<br>l.neal@wscd.com<br>Lead Attorney for Plaintiff | MAIL/EMAIL |
| Terrence R. McInnis, CA NO. 155416<br>TROUTMAN PEPPER HAMILTON SANDERS LLP<br>11682 El Camino Real, Suite 400<br>San Diego, CA 92130<br>(949) 622-2705<br>Terrence.mcinnis@troutman.com<br>Lead Attorney Pro Hac Vice for Plaintiff | MAIL/EMAIL |
| Sarah L Eversole, WSBA # 36335<br>WILSON SMITH COCHRAN & DICKERSON<br>1000 2nd Ave, Ste 2050<br>Seattle, WA 98104-3629<br>206-623-4100<br>Eversole@wscd.com<br>Attorney for Plaintiff | MAIL/EMAIL |

Signed at Mukilteo, WA on Friday, November 14, 2025.

_____
William Adan, paralegal for DBL PLLC

DEFENDANT'S MOTION TO CERTIFY - Pg. 11 of 11

DUNLAP BENNETT & LUDWIG PLLC
627 – 5TH ST., STE 203,
MUKILTEO, WA 98275
PHONE: (425) 903-3505
FAX: (206) 504-2081
DUBS@DBLLAWYERS.COM
WWW.DBLLAWYERS.COM